UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RICKY J. THURSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:11-cv-1655-WTL-MJD |
| | ) | |
| TERRY STEPHENSON, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Granting Motion to Dismiss**

This is a civil rights suit brought by Ricky Thurston against the former Commander of the Putnam County Jail ("Jail"). Thurston's claim is that while he was confined at the Jail the defendant caused interference with the delivery of Thurston's incoming mail. Thurston seeks damages. The defendant seeks resolution of Thurston's claim through the entry of summary judgment—not on the merits, but based on the exhaustion-of-administrative-remedies requirement of the Prison Litigation Reform Act ("PLRA").

The defendant has filed a motion for summary judgment in every respect except in name. When ruling on a Rule 12(b)(6) motion to dismiss, if "matters outside the pleadings are presented to and not excluded by the court" in connection with a motion to dismiss for failure to state a claim, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56." Fed.R.Civ.P. 12(b). The proper notice has been given to Thurston as a *pro se* litigant and Thurston has opposed the defendant's motion in a manner which shows his understanding of the actual nature of the motion.

A court is to enter summary judgment when sought if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To survive a motion for summary judgment, "the nonmoving party must establish some genuine issue for trial such that a reasonable jury could return a verdict in her favor." *Gordon v. FedEx Freight, Inc.*, 674 F.3d 769, 772-73 (7th Cir. 2012). To survive summary judgment, there must be evidence on which the jury could reasonably find for the nonmoving party, and the nonmoving party must point to specific facts showing that there is a genuine issue for trial; inferences relying on mere speculation or conjecture will not suffice. *Trade Finance Partners, LLC v. AAR Corp.*, 573 F.3d 401, 406-407 (7th Cir. 2009) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986), *Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008)).

The applicable substantive law will dictate which facts are material. *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant=s favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

The substantive law applicable to the motion for summary judgment is that the PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. ' 1997e(a). *See Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). A[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.@ *Id.,* at 532 (citation omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no

adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90–91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d at 655 ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

Applying the proper summary judgment standard to the evidentiary record, the undisputed material facts—or if disputed the material facts most favorable to Thurston's opposition to the motion to dismiss—are these: At the time of Thurston's confinement in the Jail and the events forming the basis of his claim, there was a grievance process in place at the Jail. This was a two-step process, consisting of a written grievance and then, if warranted, a written appeal to the Sheriff. Thurston did not submit a grievance concerning the handling or mishandling of his incoming mail while he was confined at the Jail. However, the claim in this case concerns a subject or condition which is within the scope of the grievance process.

Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *See Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). The filing of a tort claim does not satisfy the exhaustion requirement. *Macias v. Zenk*, 495 F.3d 37, 43 (2d Cir. 2007); *Lambert v. United States*, 198 F. App'x 835, 840 (11th Cir. 2006). Similarly, the filing of a grievance concerning medical care does not satisfy the exhaustion requirement of the PLRA with respect to a claim of interference with incoming mail.

The consequence of the foregoing is that Thurston should not have brought this action and that it must now be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004)("We therefore hold that *all* dismissals under § 1997e(a) should be without

prejudice."); *Pozo v. McCaughtry,* 286 F.3d 1022, 1024 (7th Cir. 2002) (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating").

The motion for summary judgment [dkt 31] is **granted.** Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 12/04/2013

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Ricky J. Thurston
DOC 901822
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
Carlisle, IN 47838

Electronically Registered Counsel